# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2576

_____

United States of America

*Plaintiff - Appellee*

v.

Randy Patrie

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa, Waterloo

_____

Submitted: August 9, 2016
Filed: October 14, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.

_____

PER CURIAM

Randy Patrie pled guilty to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g) and to possession of sawed-off shotguns in violation of 26 U.S.C. §§ 5845(a), 5861(d) and 5871. The district court sentenced Patrie to life imprisonment on the felon-in-possession charge and to 120 months imprisonment on the possession of a sawed-off shotgun charge, to be served concurrently. He appealed

the sentence, contending that the district court (1) erred in applying the Sentencing Guidelines' cross reference for first-degree murder to his felon in possession charge, (2) erred in determining he was an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and (3) engaged in impermissible judicial fact-finding when determining that he was an armed career criminal. We affirmed the sentence, and with respect to the district court's armed career criminal determination, we cited our court's decision in United States v. Mathis, 786 F.3d 1068 (8th Cir. 2015).

The United States Supreme Court granted Patrie's petition for writ of certiorari, vacated our judgment and remanded the case to us for further consideration in light of its decision in Mathis v. United States, 136 S. Ct. 2243 (2016), in which the Supreme Court held that "[b]ecause the elements of Iowa's burglary law are broader than those of generic burglary, Mathis's convictions under that law cannot give rise to an ACCA sentence." Id. at 2257.

In supplemental briefing the parties agree that Patrie is not subject to designation as an armed career criminal under the ACCA. Patrie contends that this case should be remanded to the district court for resentencing, including consideration of the maximum authorized term of supervised release. The government asserts that remand is unnecessary and that this "Court should order [Patrie] to be sentenced to the now-applicable statutory maximum sentence of 20 years' imprisonment." Appellee's Br. 12. After review, we conclude that remand for resentencing is appropriate.

Patrie's sentence is vacated, and the case is remanded to the district court for resentencing.

_____